IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DE'SEAN LAMAR BUTTERFIELD<br>**Plaintiff,**<br>v.<br>**CAMBRIDGE SECURITY**<br>**Defendant.** | CIVIL ACTION NO.  19-4093 |

## ORDER

**AND NOW**, this 24th day of January 2023, upon consideration of Plaintiff's Motions for Appointment of Counsel [Doc. Nos. 15, 22], it is hereby **ORDERED** that the Motions are **DENIED without prejudice**.[1]

It is further **ORDERED** that Plaintiff shall respond to Defendant's Motion to Dismiss [Doc. No. 19] on or before **February 7, 2023**.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe
_____
**CYNTHIA M. RUFE, J.**

---

[1] Indigent civil litigants do not have a constitutional or statutory right to appointed counsel, but a district court may, in its discretion, make efforts to appoint counsel. *Gordon v. Gonzalez*, 232 F. App'x 153, 156 (3d Cir. 2007). Pursuant to the decision in *Tabron v. Grace*, 6 F.3d 147 (3d Cir.1993), the Court should first determine whether the indigent plaintiff's case has some arguable merit in fact and law. *Id.* at 155. If the Court determines that the plaintiff's claim has arguable merit in fact and law, then the Court should consider the following factors: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Id.* at 155–57. Considering this guidance, the Court will deny Plaintiff's Motions without prejudice at this time.