THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DE'SEAN LAMAR BUTTERFIELD,<br>Plaintiff,<br>v.<br>CAMBRIDGE SECURITY<br>Defendant. | CIVIL ACTION NO. 19-4093 |

## MEMORANDUM OPINION

Rufe, J.                                                                                                    February 22, 2023

*Pro se* Plaintiff De'Sean Butterfield brings this action against his former employer, Defendant Cambridge Security, for alleged violations of Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.[1] Cambridge Security now moves to dismiss the Complaint. For the reasons discussed below, Cambridge Security's Motion to Dismiss is granted and Butterfield's Complaint is dismissed.

**I.   BACKGROUND**[2]

In December 2018, Butterfield began working as a security officer for Cambridge Security and was assigned to Wawa Store No. 8131, located at 6th and Chestnut Streets in Philadelphia, Pennsylvania. Butterfield alleges that he was harassed by Wawa store managers, James and Maria, as well as a cashier named Marquise, because he refused to apprehend shoplifters (in accordance with Cambridge Security's company policy). Specifically, Butterfield alleges that James and Maria made comments regarding his high pay rate and his refusal to

---

[1] This case was reassigned to this Court from the docket of the Honorable Patrese B. Tucker who retired from the District Court bench.

[2] For purposes of this motion to dismiss, the Court takes all of the factual allegations in the complaint as true. Unless otherwise stated, the allegations are taken from Butterfield's Complaint [Doc. No. 2].

1

apprehend shoplifters, and that Marquise threatened him and tried to physically attack him after he declined to stop a shoplifter.

During his final day at Wawa, Butterfield claims that two cashiers requested that he apprehend a young man, but he again refused. Later that evening, Butterfield received a text message and email from Cambridge Security, instructing him not to report to Wawa and to meet at Cambridge Security's offices on Monday morning. Butterfield met with the Cambridge Office Director and an administrative assistant at Cambridge Security and was informed that he would be "removed but they will have an opening in a couple months."[3] Butterfield alleges that while he received unemployment benefits for two weeks, "Cambridge management etc told Unemployment they offered [him] another job."[4] Butterfield claims that "they investigated it and found Cambridge did not do so."[5]

On June 7, 2019, Butterfield filed a charge with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission, asserting claims of sex discrimination and retaliation (the "Charge").[6] On June 11, 2019, the EEOC issued a Dismissal and Notice of Rights Letter to Plaintiff.[7] Butterfield filed this action against Cambridge Security on September 6, 2019, alleging that he was discriminated against on the basis of race, color, gender/sex, and age.[8] Cambridge Security now moves to dismiss, arguing that (1) Butterfield failed to exhaust administrative remedies with respect to his race, color, and age discrimination

---

[3] Compl. [Doc. No. 2] at ECF page 4.

[4] *Id.*

[5] *Id.*

[6] *Id.* at ECF page 13.

[7] *Id.* at ECF page 9.

[8] In a separate action, Butterfield also sued Wawa for violations of Title VII and the PHRA. The claims were dismissed without prejudice and the case was closed on August 17, 2020. *See Butterfield v. Wawa & Chestnut #8131*, No. 19-4094 [Doc. No. 13] (E.D. Pa.).

2

claims; (2) Butterfield's race, color, age, and gender discrimination claims fail as a matter of law; (3) Butterfield's retaliation claims fail as a matter of law; and (4) Butterfield cannot establish a claim for a hostile work environment.

## II.   LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to the relief."[9] However, conclusory allegations are not sufficient to state a claim.[10]

## III.   DISCUSSION

### A.   Race, Color, Age, and Gender Discrimination Claims

Cambridge Security argues that Butterfield did not exhaust administrative remedies with respect to his race, color, and age discrimination claims, and in the alternative, those claims fail as a matter of law for failure to state a claim. Cambridge Security also argues that Butterfield's gender discrimination claim fails as a matter of law.

Title VII, the Age Discrimination in Employment Act of 1967,[11] and the PHRA require the plaintiff to first exhaust administrative remedies before filing suit.[12] Specifically, the plaintiff must timely file a charge or complaint with the appropriate authority.[13] However, "EEOC

---

[9] *Philips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3rd Cir. 2008) (internal quotation marks and citations omitted).

[10] *See Ashcrot v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

[11] While Butterfield does not explicitly bring a claim under the ADEA, he lists "age" as a basis for discrimination in the Complaint. Compl. [Doc. No. 2] at ECF page 3.

[12] *Kopko v. Lehigh Valley Health Network*, 776 Fed. App'x 768, 773 (3d Cir. 2019) (citations omitted).

[13] 42 U.S.C.A. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1); 43 Pa. Stat. Ann. § 959(h).

charges are given a 'fairly liberal construction,' and 'the failure to check a particular box on an EEOC charge ... is not necessarily indicative of a failure to exhaust the mandatory administrative remedies.'"[14] "Plaintiffs are considered to have exhausted their administrative remedies if their claim 'can reasonably be expected to grow out of the charge of discrimination.'"[15] In this case, the Charge only lists sex discrimination, retaliation, and "other" (unspecified by Plaintiff).[16] The allegations in the Charge follow those plead in the Complaint, but Butterfield does not mention race, color, or age discrimination in the Charge, only claiming that he was "discriminated against because of [his] gender (male) and retaliated against for having opposed employment discrimination in the workplace . . . ."[17]

However, the Court need not determine whether race, color, and age claims could be "reasonably expected to grow" out of the Charge.[18] Regardless of whether Butterfield properly exhausted his administrative remedies with respect to his race, color, and age claims, the Complaint is facially deficient with respect to those claims and his gender discrimination claim. In order to plead a race or color discrimination claim, the plaintiff must establish that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the action occurred under circumstances that could give rise to an inference of intentional discrimination.[19] For a gender discrimination claim, the plaintiff must establish that he: (1) is a member of a protected class; (2) he was qualified for the position he

---

[14] *Lowenstein v. Catholic Health East*, 820 F.Supp.2d 639, 644 (E.D. Pa. 2011) (citation omitted).

[15] *Beer v. Advanced Auto Parts, Inc.*, No. 19-5939, 2020 WL 6700408, at *3 (E.D. Pa. Nov. 13, 2020) (quoting *Schouten v. CSX Transp., Inc.*, 58 F. Supp. 2d 614, 617 (E.D. Pa. 1999)).

[16] *See* Compl. [Doc. No. 2] at ECF page 13.

[17] *Id.*

[18] *Lowenstein*, 820 F.Supp.2d at 644; *Schouten*, 58 F. Supp. 2d at 617.

[19] *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008) (citations omitted).

held; (3) he was fired from that position; and (4) he suffered adverse action under circumstances that give rise to an inference of discrimination.[20] In the case of reverse gender discrimination cases, the first prong is modified and the plaintiff must instead "present sufficient evidence to allow a fact finder to conclude that the employer is treating some people less favorably than others based upon a trait that is protected under Title VII."[21] Finally, to establish an age discrimination claim, the plaintiff must show that: (1) he is at least 40 years old; (2) he was qualified for the position he occupied; (3) he was subject to an adverse employment action; and (4) circumstances that give rise to an inference of unlawful discrimination.[22] PHRA claims are governed by the same analysis as Title VII and ADEA claims.[23]

Butterfield does not plead any facts showing that he was discriminated against because of his race, color, age,[24] or gender. In Butterfield's response to the Motion to Dismiss, he claims for the first time that he was the only African American male guard and that his site manager said he was "the only one who is great for this position to stand and be a deterrent so the theft can stop."[25] Butterfield asserts that this statement was made "based on [his] gender and race."[26] However, these allegations do not support Butterfield's claims that he was discriminated against or removed from his station because of his race, color, age, or gender. Rather, the Complaint alleges that he was removed from his station because of a disagreement with Wawa management

---

[20] *Johnson v. St. Luke's Hospital*, 307 Fed. App'x 670, 671-672 (3d Cir. 2009) (citation omitted).

[21] *Iadimarco v. Runyon*, 190 F.3d 151, 161-63 (3d Cir. 1999).

[22] *Kopko*, 776 Fed. App'x at 775 (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)).

[23] *Vaughan v. Boeing Co.*, 733 Fed. App'x 617, 622 (3d Cir. 2018); *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (citations omitted).

[24] Critically, Butterfield's age discrimination claim fails because he was not at least forty years old at the time of the events alleged in the Complaint. Compl. [Doc. No. 2] at ECF page 3.

[25] Pl.'s Opp. Mot. Dismiss [Doc. No. 24] at ECF page 1.

[26] *Id*.

regarding his approach to shoplifters. Butterfield also alleges, for the first time in his response, that Cambridge Security forgot to contact him and advise him of a new assignment because they fired his site manager.[27] This is unrelated to Butterfield's race, color, age, and gender. Rather, it supports an argument that Butterfield would have continued to be employed by Cambridge Security had they not forgotten to contact him. Accordingly, Cambridge Security's motion is granted with respect to Butterfield's race, color, age, and gender discrimination claims.

### B. Retaliation Claims

Retaliation claims under Title VII, the PHRA, and the ADEA require a showing that: (1) the plaintiff engaged in a protected activity; (b) there was an adverse employment action either after or contemporaneous with the protected activity; and (c) there is a causal connection between the protected activity and the adverse employment action.[28] In order to demonstrate that he engaged in a "protected activity," the plaintiff must show that he (1) opposed a practice made unlawful by Title VII or the PHRA; (2) filed a charge of discrimination; or (3) participated in a charge brought by another.[29] In this case, Butterfield merely refused to confront shoplifters, which is not a protected activity, and was removed from his station. Butterfield has not alleged that he participated in protected activities and was fired because of his participation in those activities. Accordingly, Butterfield's retaliation claim also fails.

### C. Hostile Work Environment Claims

Butterfield does not explicitly assert a hostile work environment claim, but Cambridge Security addresses this claim as a precautionary measure. To establish a claim for hostile work

---

[27] *Id.* at ECF page 5.

[28] *Johnson v. Philadelphia Housing Authority*, 218 F.Supp.3d 424, 435 (E.D. Pa. 2016) (citation omitted).

[29] *Moyer v. Kaplan Higher Educ. Corp.*, 413 F.Supp.2d 522, 526 (E.D. Pa. 2006) (citing 42 U.S.C. § 2000e-3(a); 43 Pa. Stat. Ann.§ 955(d)).

environment, the plaintiff must establish that: (1) he suffered intentional discrimination because of his membership in a protected class; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected him; (4) the discrimination was sufficiently severe to have detrimentally affected a reasonable person in his position; and (5) the existence of respondent superior liability.[30] As described above, Butterfield has not pled that he was discriminated against due to his membership in a protected class. Nor has Butterfield sufficiently pled that the alleged discrimination was pervasive and regular. Rather, it appears that any alleged harassment stemmed from Butterfield's refusal to stop shoplifters.[31] Therefore, any hostile work environment claim that Butterfield may purport to assert also fails.

### IV. CONCLUSION

For the foregoing reasons, Cambridge Security's Motion to Dismiss is granted and Butterfield's Complaint is dismissed without prejudice. Butterfield will be granted the opportunity to file an amended complaint within 30 days from the date of this Memorandum Opinion. If he does not file an amended complaint, the matter will be dismissed with prejudice. An order will follow.

---

[30] *Shramban v. Aetna*, 115 Fed.Appx. 578, 579 (3d Cir. 2004) (citations omitted).

[31] Butterfield argues, for the first time in his response, that he "was repeatedly harassed and approached by [Cambridge Security] site manager Jeff demanding [him] to stand in the high traffic theft aisle." Pl.'s Resp. Opp. Mot. Dismiss [Doc. No. 24] at ECF page 2. This allegation similarly does not show that Butterfield suffered discrimination based on his membership in a protected class.